Joe Schieffelin State Senator 4315 Wadsworth Boulevard Wheatridge, Colorado 80033
Dear Joe:
This is in response to your letter of November 9, 1976 concerning implementation of the Colorado Equal Rights Amendment with respect to conflicting federal or state laws.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Your first question concerned the effect of the Colorado Equal Rights Amendment on Title IX of the Education Act amendments of 1972 and implementing regulations.
 I don't think it would be appropriate for me to take a position on a possible future legal conflict.
2. You have also asked about the effect of the regulations on separate locker-room facilities.
 The right to privacy is protected by the United States Constitution, and that right to privacy overrides any interpretation of the Colorado Equal Rights Amendment which might imply that school districts cannot have separate locker-rooms for boys and girls.
3. You asked whether the Attorney General is the proper state agency to implement the Equal Rights Amendment.
My conclusion is "no."
ANALYSIS
Your first question concerned the effect of the Colorado Equal Rights Amendment on Title IX of the Education Act amendments of 1972 and implementing regulations. Title IX provided that there shall be no discrimination on the basis of sex in schools receiving federal funds. Title IX on its face does not conflict with the Colorado Equal Rights Amendment prohibiting sex discrimination. The regulations adopted pursuant to Title IX made certain exceptions for the provision of some separate sports programs for boys and girls. The effective date of those regulations is July, 1978, so there is currently no problem with a conflict between those regulations and either Title IX or the Colorado Equal Rights Amendment. Since it is at least 18 months before the question can come up, and since Title IX may be changed (I understand the Ford administration is proposing a new package of legislative proposals prohibiting sex discrimination in federal programs.) or the federal Equal Rights Amendment may be adopted in the meantime, I don't think it would be appropriate for me to take a position on a possible future legal conflict.
You have also asked about the effect of the regulations on separate locker-room facilities. The right to privacy is protected by the United States Constitution, and that right to privacy overrides any interpretation of the Colorado Equal Rights Amendment which might imply that school districts cannot have separate locker-rooms for boys and girls.
I should also point out that the Attorney General is not the attorney for individual school districts, and consequently the school districts are not obligated to follow any legal advice that I might give them.
You asked whether the Attorney General is the proper state agency to implement the Equal Rights Amendment. The Equal Rights Amendment is a constitutional limit on governmental activities. Either the courts, through interpretation of state actions, or the Legislature, through the adoption of implementing legislation, have enforcement power. The role of the Executive, and the Attorney General as a part of the Executive, is to watch for and advise state agencies and officials when they take actions which a court probably would find to violate the Equal Rights Amendment if someone should challenge a particular action in court.
With the above in mind, your question concerning the power of the Insurance Commissioner to approve insurance rates pursuant to C.R.S. 1973, 10-3-1104(1)(f)(III), which permits insurance rate discrimination by sex classification where such classifications are "justified by actuarial statistics" is pertinent. The Colorado Supreme Court has held that, pursuant to the Colorado Equal Rights Amendment, sex is a "suspect classification." However, in Colorado Supreme Court decisions, the label of "suspect classification" has not carried the consequences that have followed from the United States Supreme Court's determinations under the Fourteenth Amendment that race is a "suspect classification." The Colorado Supreme Court, declaring in several Equal Rights Amendment cases that sex is a suspect classification, has upheld whatever act of discrimination has been challenged on the basis that there were sufficient reasons to justify the act. Because of this pattern of Supreme Court decisions, we believe there is a likelihood the Colorado Supreme Court would uphold C.R.S. 1973, 10-3-1104(1)(f)(III) as enforced by the Insurance Commissioner on the grounds that it is a justifiable governmental distinction. In addition, the legislature has had an opportunity to consider changing the statute since the Equal Rights Amendment was adopted, and the Legislature declined to make the change.
SUMMARY
The Equal Rights Amendment is a constitutional standard to measure state actions and statutes, and that standard is applied by the courts. The judicial approach to interpretation of the Constitution is not something that has been raised only with the Equal Rights Amendment; it is the theory and history upon which our form of government, both under the United States Constitution and the Colorado Constitution, is based.
Very truly yours,
 J.D. MacFARLANE Attorney General
CIVIL RIGHTS PRIVACY WOMEN DISCRIMINATION EQUAL PROTECTION
C.R.S. 1973, 10-3-1104(1)(f)(III)
Colo. Const. art. II, § 29
LEGISLATIVE BRANCH Senate
The Colorado Equal Rights Amendment does not conflict with Title IX of the Education Act amendments of 1972. The right to privacy permits separate locker rooms for boys and girls in public schools. C.R.S. 1973, 10-3-1104(1)(f)(III) probably would be upheld if challenged under the Equal Rights Amendment.